IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
MAR 12 2014
PATRICK KEANEY
Clerk U.S District Court
By_____ Deputy Clerk

| | |
|---|---|
| ISAIYA A. LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 12-498-RAW-KEW |
| ) | |
| BRUCE HOWARD, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, a former inmate of the Oklahoma Department of Corrections, challenges the execution of his sentence in Comanche County District Court Case No. CRF-97-35. After he was released on parole, he was convicted and sentenced for a crime in Texas, resulting in the revocation of the Oklahoma parole. He raises three grounds for relief:

> I.   Petitioner is being illegally restrained of his protected liberty interest with having an inherent right to due process and equal protection which having been violated pursuant to Okla. Stat. Title 57, § 349.1, requiring that a hearing was to be held in accordance with this act within a reasonable time, unless such hearing was waived by him. Which was not waived by him at any time before arrest or after the hearing before the Pardon and Parole Board of and for the State of Oklahoma.
>
> II.  Petitioner is being illegally restrained and denied his liberty interest with violations of his 5th, 6th, and 14th Federal Constitutional Amendments, including his Oklahoma Constitutional Articles II §§ 2, 5, 6, and 7, with suffering from the grievous losses from such re-incarceration.
>
> III. Petitioner is being illegally denied his rights and restrained pursuant to the Oklahoma and Federal Constitutions, pursuant to the fraudulent

information placed before the magistrate and/or judge which was sworn to and attested to as being true and correct to the best of that person's knowledge and belief being utilized for the issuance of such fugitive warrant for his person. Being deceptive, slanderous, false, intentional resulting with grievous losses of petitioner wherein a governor's warrant being issued against the person of petitioner.

The record shows that petitioner was received into the Oklahoma Department of Corrections (DOC) on May 9, 1997, to serve the controlling 12-year sentence in Comanche County District Court Case No. CRF-97-35 for Unlawful Distribution of Cocaine. (Docket No. 11-2 at 1). He was paroled on October 25, 1999, but on January 25, 2001, a DOC Parole Violation Warrant was issued, tolling his time on parole. (Docket Nos. 11-2, 11-3, 11-4).

On September 20, 2011, petitioner received a Notice of Probable Cause for an alleged Oklahoma parole violation. He signed the document before witnesses, acknowledging his entitlement to an Executive Revocation Hearing. He also initialed and signed the printed statement on the document stating, "I waive my right to an Executive Revocation Hearing and understand that I am not entitled to another Hearing." (Docket No. 11-5).

Petitioner was returned to Oklahoma DOC custody on November 17, 2011, with 1710 days remaining on his original 12-year sentence. (Docket Nos. 11-2 and 11-3). On February 9, 2012, petitioner's parole was revoked, and he was ordered to serve the remainder of his Oklahoma sentence. (Docket No. 11-3 and 11-6). The revocation was ordered to run concurrently with his Texas case No. 00-H-193, but he already had discharged the Texas sentence. (Docket Nos. 11-3 and 11-6). As of February 28, 2013, petitioner had 591 days remaining to serve on his sentence from Comanche County District Court Case No. CRF-97-35. (Docket No. 11-2 at 3).

The respondent has filed a motion to dismiss, alleging in part that petitioner has failed

to exhaust his available administrative and judicial remedies. (Docket No. 11). "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Petitioner has submitted a copy of a Request to Staff he sent to Mr. Latimere-Records, dated June 15, 2012, regarding the execution of his sentence and claiming he had discharged his sentence in June 2004. (Docket No. 13 at 5. He requested that a copy of his Texas prison file be obtained to verify his claims regarding his sentence. The response stated that he could not have discharged his sentence in June 2004, because of the January 25, 2001, parole warrant. Petitioner was advised to request the Texas records himself. There is no indication petitioner completed the process of exhausting his administrative remedies in accordance with DOC OP-090124. (Docket No. 11-7). He contends that requiring such exhaustion "would only serve as an obstructive formality." (Docket No. 13 at 3).

As for exhaustion of his state court remedies, petitioner filed a petition for a writ of

habeas corpus in Greer County District Court Case No. WH-2012-02 on March 29, 2012, but the action was dismissed on August 24, 2012, for his failure to properly serve the defendant. (Docket Nos. 1 at 2, 5; 11-8 at 1). The Oklahoma Court of Criminal Appeals affirmed the denial of relief in Case No. HC-2012-842 on November 14, 2012. (Docket Nos. 1 at 7; 11-9). Petitioner, therefore, also has failed to exhaust his state court remedies.

**ACCORDINGLY,** the respondent's motion to dismiss (Docket No. 11) is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 12th day of March 2014.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**